# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JOSE DEMETRIO GONZALEZ VIVES,<br><br>                      Plaintiff,<br><br>vs.<br><br>AMERICAN SEAFOODS COMPANY, LLC, a Delaware corporation;<br><br>                      Defendants. | No.<br><br>COMPLAINT FOR DAMAGES |

Plaintiff Jose Demetrio Gonzalez Vives ("Plaintiff") by and through his attorney Michael A. Maxwell of Maxwell Graham, PS allege as follows:

## 1.0   PARTIES

1.1   Plaintiff is a resident of Ponce, Puerto Rico.

1.2   Defendant AMERICAN SEAFOODS COMPANY, LLC ("Defendant") is a Delaware corporation that is licensed to do and is doing business in Seattle, King County, the State of Washington.

1.3   Plaintiff is a seaman within the meaning of the Merchant Marine Act of 1920, 46 U.S.C. § 688, *et. seq.,* commonly known as the Jones Act. Plaintiff brings this action against his employer, the Defendant, who is the owner and operator of the vessel on which Plaintiff was injured.

PLAINTIFF'S COMPLAINT FOR DAMAGES 1

MAXWELL GRAHAM
535 E SUNSET WAY
ISSAQUAH, WA 98027
206.527.2000
MAXWELLGRAHAM.COM

1.4    Defendant at all times herein owned and operated the processing vessel Northern Eagle.

## 2.0    JURISDICTION AND VENUE

2.1    This Court has personal jurisdiction over both the Plaintiff and Defendants.

2.2    This Court has jurisdiction over the subject matter of this action pursuant to maritime law, 28 U.S.C. § 1333, 46 U.S.C. §688, and 45 U.S.C. §56.

2.4    As a second basis for jurisdiction, Plaintiff brings his Complaint under Federal Diversity Jurisdiction, 28 USC § 1332(a), as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.

2.5    This Court has jurisdiction over all parties and over the subject matter of this complaint, and is the proper venue for this action.

## 3.0    FACTS

3.1    In August 2017, Plaintiff was working as a seaman under contract for Defendant American Seafoods on the processing vessel Northern Eagle, having departed from Pier 91 in Seattle, Washington. The contract called for Plaintiff to work on the vessel Northern Jaeger, but he was reassigned to the Northern Eagle.

3.2    On August 7, 2017, while in the process of offloading boxes of frozen product, Plaintiff was working in a freezer located inside the vessel. His job at that time was to stack boxes one on top of the other until the freezer was filled. Plaintiff was working on the upper level while another worker passed boxes up to him from below. Plaintiff was wearing a helmet. While walking on the top of the boxes, and lifting and moving them for stacking, Plaintiff's head struck a metal hook protruding from and embedded into the ceiling causing Plaintiff the injury for which he seeks compensation.

PLAINTIFF'S COMPLAINT FOR DAMAGES 2



MAXWELL GRAHAM
535 E SUNSET WAY
ISSAQUAH, WA 98027
206.527.2000
MAXWELLGRAHAM.COM

# 4.0 CAUSE OF ACTION

## 4.1 JONES ACT NEGLIGENCE CLAIMS PURSUANT TO 46 USC § 688

4.1.1   Defendant had a duty to exercise reasonable care in providing plaintiff with a safe place to work, with proper equipment, and with proper safeguards against injury.

4.1.2   Defendant breached its duty by the installation and maintenance of a metal hook which protruded into the freezer workspace and by its failure to provide adequate painting, marking, lighting, and warnings of the danger posed by the installation and maintenance of a metal hook protruding into the workspace.

4.1.3   Defendant's conduct constitutes legal negligence.

4.1.4   As a result of Defendants' negligence, Plaintiff has been harmed in an amount to be determined at the time of trial.

## 4.2 PLAINTIFF'S UNSEAWORTHINESS CLAIMS

4.2.1   Defendants had a duty to provide Plaintiff with a vessel which was seaworthy and which was appropriately outfitted for the work to be performed thereon.

4.2.2   Plaintiff was entitled to enjoy safe working conditions with appropriate protections against injury.

4.2.3   Defendant breached its duty to provide a seaworthy vessel upon which Plaintiff was employed. The breach included the installation and the maintenance of a metal hook which protruded into the workspace, and by failing to remove, guard, cushion, or install this hook so that it did not protrude into the workspace. In such failures, Defendant failed to equip the vessel with safe operating equipment.

4.2.4   As a direct and proximate result and/or legal cause of the unseaworthiness of the Northern Eagle, the Plaintiff has been harmed in an amount to be determined at the time of trial.

PLAINTIFF'S COMPLAINT FOR DAMAGES 3

MAXWELL GRAHAM
535 E SUNSET WAY
ISSAQUAH, WA 98027
206.527.2000
MAXWELLGRAHAM.COM

### 4.3 FAILURE TO PAY MAINTENANCE, CURE AND UNEARNED WAGES

4.3.1   As a seaman injured in the course and scope of his employment aboard the Northern Eagle, Plaintiff is entitled to maintenance, cure, and unearned wages.

4.3.2   Prior to Plaintiff reaching maximum cure and without lawful justification, Defendant ceased paying all maintenance, cure, and unearned wages which Plaintiff was lawfully owed.

4.3.3   Plaintiff is entitled to maintenance from the Defendant in a per diem amount to recuperate on land with room and board at least equal to that received on Defendant's vessel until the Plaintiff reaches maximum cure or until the Plaintiff is declared fit for duty, whichever occurs last. Plaintiff is also entitled to the actual cost of cure until fully cured. If Plaintiff is never cured, then Plaintiff is entitled to the cost of cure for the remainder of Plaintiffs life.

4.3.4   Plaintiff is entitled to punitive damages as a result of Defendant's willful withholding of maintenance and cure pursuant to *Clausen v. Icicle Seafoods, Inc.,* 174 Wn.2d 70,272 P.3d 827, 830 (2012) cert. denied, 133 S.Ct. 199 (U.S. 2012).

### 5.0  PRAYER FOR RELIEF

WHEREFORE, having stated their complaints against Defendant, Plaintiffs pray for the following relief in such amounts as will be established at the time of trial:

5.1   An award of compensatory damages for the harm caused by his pain, suffering, mental anguish and other general injuries sustained by Plaintiff aboard ship.

5.2   An award of maintenance as required by law up to and through the time when Plaintiff has reached a state of maximum recovery from the injuries sustained by Plaintiff aboard ship.

PLAINTIFF'S COMPLAINT FOR DAMAGES 4

MAXWELL GRAHAM
535 E SUNSET WAY
ISSAQUAH, WA 98027
206.527.2000
MAXWELLGRAHAM.COM

     5.3     An award of cure, including without limitation medical care and treatment expense for any and all medical procedures and treatments which have or can assist Plaintiff in recovering the injuries sustained by Plaintiff aboard ship.

     5.4     An award for the harm caused by any economic losses including but not limited to lost wages, lost crew shares, lost opportunities to obtain alternative employment, and loss of future wages as a result of the injuries sustained by Plaintiff aboard ship.

     5.6     An award for the harm caused by any and all residual disability including, but not limited to, damages for lost enjoyment of life, and for future care and treatment of any kind needed as a result the injuries sustained by Plaintiff aboard ship.

     5.7     An award of punitive damages for defendant's willful withholding of maintenance and cure pursuant to *Clausen v. Icicle Seafoods, Inc.,* 174 Wn.2d 70, 272 P.3d 827, 830 (2012) cert. denied, 133 S.Ct. 199 (U.S. 2012).

     5.8     An award of statutory costs and reasonable attorney's fees incurred during the prosecution of this action, as well as an award of costs incurred by Plaintiff.

     5.9     An award of such other relief, including punitive damages, as the Court deems just and equitable.

DATED this 10th day of June, 2020

                                   s/ *Michael A. Maxwell*
Michael A. Maxwell, WSBA #21781
Maxwell Graham, PS
535 East Sunset Way
Issaquah, WA 98027
mmaxwell@maxwellgraham.com
www.maxwellgraham.com
Attorney for Plaintiff

