UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSE DEMETRIO GONZALEZ VIVES, | CASE NO. C20-0897JLR-DWC |
| Plaintiff, | ORDER |
| v. | |
| AMERICAN SEAFOODS COMPANY, LLC, | |
| Defendant. | |

## I.   INTRODUCTION

Before the court is Plaintiff Jose Demetrio Gonzalez Vives's motion to extend the deadline for completion of discovery from its current date of October 15, 2021 to November 30, 2021.  (Mot. (Dkt. # 19) at 1; Reply (Dkt. # 22).)  Defendant American Seafoods Company, LLC ("American Seafoods") opposes the motion.  (Resp. (Dkt. # 20).)  The court has considered the motion, all submissions filed in support of and in

//

ORDER - 1

opposition to the motion, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES Mr. Gonzalez's motion.

## II.  BACKGROUND

This case involves a seaman under the Merchant Marine Act of 1920—commonly called the "Jones Act," 46 U.S.C. § 30104—who allegedly sustained personal injuries in August 2017 while offloading boxes of frozen fish product aboard the F/V NORTHERN TRIANGLE.  (*See* Stip. Mot. (Dkt. # 17).)  Mr. Gonzalez filed this lawsuit against American Seafoods on June 10, 2020 and seeks an award of damages.  (Compl. (Dkt. # 1) ¶¶ 3.1-3.2, 5.1-5.9.)  The court entered a scheduling order on October 16, 2020, which sets a bench trial for March 28, 2022, the discovery cutoff for October 15, 2021, and the dispositive motions deadline for November 16, 2021, among other key deadlines. (Sched. Order (Dkt. # 15).)

Mr. Gonzalez now moves for a six-week extension of the discovery cutoff date. (Mot. at 1.)  He argues that good cause exists for this extension because "several potential eyewitnesses" he wishes to depose "are seamen who are presently working aboard a ship at sea" and "are not scheduled to return to port until November of 2021." (*Id.*)  American Seafoods objects to Mr. Gonzalez's proposal because it would push the close of discovery past the deadline "to file discovery-related motions and the deadline to file motions challenging expert witness testimony." (Resp. at 4.)  American Seafoods instead proposes "a modest, one-month continuance of the trial date to April 25, 2022 and adjusting all associated deadlines accordingly." (*Id.*)

//

ORDER - 2

III. **ANALYSIS**

The court issues scheduling orders setting trial and related dates to provide a reasonable schedule for the resolution of disputes. Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may only be modified for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" for purposes of Rule 16 focuses on the diligence of the party seeking to modify the pretrial scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* at 609. To show "good cause," a party must show that it could not meet the deadline imposed by the scheduling order despite its diligence. *Id.*

Mr. Gonzalez has not shown good cause for altering the current schedule. As the court noted in its scheduling order, "failure to complete discovery within the time allowed is not recognized as good cause." (Sched. Order at 2.) Even if it were, the court is not convinced of Mr. Gonzalez's diligence in scheduling the depositions he now seeks extra time to conduct. Mr. Gonzalez contends that American Seafoods "delayed in providing complete responses [to written discovery requests] . . . until it was too late to take these depositions before the vessel sailed again in May [2021]." (Mot. at 2.) American Seafoods, however, provides evidence that Mr. Gonzalez had the opportunity to depose at least Christina Gisvold on numerous dates in May 2021. (*See* McVittie Decl. (Dkt. # 21) ¶ 4, Ex. C at 3.) Mr. Gonzalez apparently failed to confirm a date for that deposition and makes no effort to explain why that deposition did not occur. (*See generally* Reply.) Nor does he explain why he waited several months to bring this issue

1 to the court's attention when he has apparently known since early July that individuals he
2 wished to depose would be unavailable until close to or after the close of discovery. (*See*
3 McVittie Decl. ¶ 7, Ex. E at 1; Mot; *see also* Reply.)

4     Finally, contrary to Mr. Gonzalez's assertion (*see* Reply at 1), a six-week
5 expansion of the discovery period would require adjusting other pre-trial deadlines. That
6 would, in turn, require a continuance of the current trial date. The court has a full trial
7 calendar and will not imperil the trial dates of other parties by moving the trial date in
8 this case. The court is not without some flexibility, however, and would consider
9 extending discovery, as well as the other pre-trial deadlines, if the parties wish to move
10 their trial date to the end of the court's calendar. Maintaining the current schedule or
11 moving to the end of the court's trial calendar to allow for extensions of pre-trial
12 deadlines are the only two options. If the parties wish to move to the end of the trial
13 calendar, they should file a stipulated motion to that effect within 14 days of the date of
14 this order. The parties should be aware that the court is presently scheduling trials in the
15 summer of 2023. If the court moves this matter to the end of its trial calendar, the court
16 will also issue a new scheduling order with respect to the pretrial deadlines.
17 //
18 //
19 //
20 //
21 //
22 //

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Mr. Gonzalez's motion to extend the discovery completion deadline (Dkt. # 19).

DATED this 17th day of September, 2021.

JAMES L. ROBART
United States District Judge